**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **GREAT NORTHERN INSURANCE COMPANY, A/S/O WILLIAM AND MARY CRAWFORD,** | **CIVIL ACTION NO. 08-CV-10395** |
| **Plaintiff,** | **DISTRICT JUDGE LAWRENCE P. ZATKOFF** |
| VS. | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **ALTMANS PRODUCTS LLC and PRECISION BRASS SERVICES, INC.,** | |
| **Defendants.** | |
| _____/ | |

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PRECISION BRASS SERVICES, INC.'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF (DOCKET NO. 25)

This matter comes before the Court on Defendant Precision Brass Services, Inc.'s Motion to Compel Discovery from Plaintiff filed on July 3, 2008. (Docket no. 25). Plaintiff filed a Response brief on July 17, 2008. (Docket no. 29). Defendant Precision Brass Services, Inc. filed a Reply on July 23, 2008. (Docket no. 31). The parties filed a Joint Statement of Resolved and Unresolved Issues on August 4, 2008. (Docket no. 36). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 27). The parties appeared before the Court for oral argument on August 11, 2008. The matter is now ready for ruling.

Defendant Precision Brass Services, Inc. (Defendant Precision) shows that on May 23, 2008 it served on Plaintiff its First Request for Production, First Interrogatories, First Request for Admission, Second Interrogatories and Second Request for Production. (Docket no. 25, 25-3, 25-4, 25-5). Plaintiff timely filed responses to the requests for admission, but objected that the

Interrogatories and Request for Production were improper because they were submitted before the Fed. R. Civ. P. 26(f) conference. (Docket no. 25-6). Defendant argues that it timely commenced discovery because the Court's May 20, 2008 Notice of Scheduling Conference advised the parties to commence discovery. (Docket no. 14 at 2). Plaintiff has not yet provided responses or answers to the First and Second Requests for Production and First and Second Interrogatories and Defendant Precision moves to compel answers, responses and production. Defendant Precision also alleges that Plaintiff's responses to requests for admissions are deficient. Defendant Precision asks for reasonable attorneys fees and costs pursuant to Fed. R. Civ. P. 37.

**<u>Defendant Precision's Requests to Produce and Interrogatories</u>**

Plaintiff argues that Defendant Precision prematurely served its discovery requests prior to the parties' Fed. R. Civ. P. 26(f) conference. Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, <u>or by court order</u>." Fed. R. Civ. P. 26(d)(1) (emphasis added). The Court's May 20, 2008 Notice of Scheduling Conference specifically states "<u>counsel are instructed to commence significant discovery prior to the conference</u>." (Docket no. 14, emphasis in original Notice). The Court ordered discovery to commence in its May 20, 2008 Notice of Scheduling Conference[1]. (Docket no. 29 at 6). The Court will order Plaintiff to serve responses, responsive

---

[1] The Court also notes that the Rule 26(f) conference has occurred, although this is not a precondition to serving discovery where the Court orders discovery to commence prior to the conference, as it did here.

documents, answers to interrogatories and, if applicable, a privilege log under Fed. R. Civ. P. 26(b)(5), on or before August 29, 2008[2]. Fed. R. Civ. P. 37.

**<u>Sufficiency of Plaintiff's Responses to Defendant Precision's First Request for Admission</u>**

Plaintiff timely responded to Defendant Precision's First Request For Admission on June 20, 2008. (Docket no. 25-9). Fed. R. Civ. P. 36. Defendant Precision served 26 Requests for Admission. Plaintiff has neither admitted nor denied the first 22 Requests and objected to all. Defendant Precision alleges that all of Plaintiff's answers are deficient and should be struck.

*Request for Admission Nos. 1-6*

In response to Request For Admission Nos. 1-6[3] Plaintiff objects that the "request seeks a legal conclusion" and the topic of the admission is a "questions (sic) of law for the Court or the trier of fact." Under Rule 36 a party may serve a written request to admit the truth of matters relating to: "(A) facts, the application of law to fact, or opinions about either; and (B) the genuiness of any described documents." Fed. R. Civ. P. 36(a)(1)(A), (B). Rule 36 was amended in 1970 to include "the application of law to fact," thereby eliminating the requirement that the matters be "of fact." *See* Fed. R. Civ. P. 36, Advisory Committee Notes, 1970 Amendment. However, requests that seek

---

[2] The sufficiency of Defendant Precision's interrogatories and requests for production is not before the Court and the Court does not find that Plaintiff has waived objections or the ability to move for a protective order if necessary or otherwise claim of privilege pursuant to the Federal Rules of Civil Procedure.

[3] Request No. 1: The faucet was negligently and/or incorrectly installed.
Request No. 2: Subrogors or others misused and/or abused the faucet.
Request No. 3: Precision Brass did not cause the subject incident.
Request No. 4: Plaintiff has no evidence that the damages allegedly sustained by Plaintiff were caused or contributed to by the actions or conduct of Precision Brass.
Request No. 5: No expert retained or consulted by Plaintiff has concluded that Precision Brass' alleged conduct with respect to the faucet was negligent.
Request No. 6: There is no expert opinion which supports the conclusion that Precision Brass' alleged negligence caused or contributed to the incident.

legal conclusions are not allowed under Fed. R. Civ. P. 36. *See Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D.C. Del. 2002) (determining whether a patent is valid would call for a legal conclusion although dependent on factual inquiries); *cf. Campbell v. Spectrum Automation Co.*, 610 F.2d 246, 253 (6th Cir. 1979) ("That a request seeks admissions on 'ultimate facts,' or is dispositive of the entire case, is irrelevant. . . . The rule expressly states that a party may not refuse to respond to a request on the sole ground that the 'matter of which an admission has been requested presents a genuine issue for trial.'" *Id.*).

Request for Admission Nos. 1 through 6 seek legal conclusions and are not allowed under Fed. R. Civ. P. 36. Although Request Nos. 4 through 6 are couched in terms of whether or not Plaintiff has "evidence" supporting the legal conclusion, or has retained experts or otherwise obtained expert opinions supporting the legal conclusions of causation, contribution and negligence, the substantive issue in each Request for Admission is a legal conclusion. In addition, Defendant Precision's requests with respect to the experts' specific conclusions is premature this early in discovery. Plaintiff cannot later amend its answers without leave of court, should it retain experts. Fed. R. Civ. P. 36(b). The Court will deny Defendant Precision's Motion as to Request for Admission Nos. 1-6.

***Request for Admission Nos. 7-22***

In response to Request for Admission Nos. 7-22 Plaintiff answered:

Plaintiff objects as the term faucet as defined in this pleading, includes the entire unit, which is comprised of three separate pieces (spout and the hot/cold handles), along with the various component parts, and is therefore overbroad and unanswerable as phrased. It is unclear as phrased if defendant is intending to address the final product, or any of it (sic) various component parts prior to assembly and/or distribution.

4

The term "faucet" was the term used by Plaintiff throughout its Complaint. (Docket no. 1). Request Nos. 7-22 are clear enough to allow Plaintiff to respond as required by Rule 36, by admitting the matter, denying the matter or stating in detail why Plaintiff cannot truthfully answer or deny it. To the extent Plaintiff argues the faucet contains multiple parts, Rule 36 allows Plaintiff to qualify its answer or deny only part of a matter. Plaintiff must specify the part admitted and qualify or deny the remainder. Plaintiff may assert lack of knowledge or information as a reason for failing to admit or deny only if Plaintiff states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4). The Court will order Plaintiff to file amended answers to Request for Admission Nos. 7-22 in compliance with Fed. R. Civ. P. 36(a)(4). Fed. R. Civ. P. 36(a)(6).

*Request for Admission Nos. 23-25*

With respect to Request for Admission Nos. 23-25, Defendant Precision argues that Plaintiff's objections that the requests and/or terms used in the requests are vague and overbroad are insufficient. However, in response to Request Nos. 23-25, Plaintiff stated that, subject to its objection, the request was denied. The Court finds that Plaintiff's answers to Request for Admission Nos. 23 and 25 are sufficient answers denying the request, despite the objections. However, Request for Admission No. 24 states "Plaintiff knows of no other lawsuits involving Precision Brass which allege the same negligence of Plaintiff (sic) claims in this case." Plaintiff answered that it "objects as to the term 'substantially similar' because it is vague and overbroad. Subject to that objection, plaintiff denies." The term "substantially similar" is not used in Request for Admission No. 24, therefore Plaintiff's objection is nonsensical. It is unclear whether Plaintiff provided a boilerplate

5

objection or the wrong answer altogether. The Court will order Plaintiff to file an amended answer to Request for Admission No. 24.

*Request for Admission No. 26*

Upon consideration Plaintiff's answer to Request for Admission No. 26, the Court finds that Plaintiff's answer is an admission properly qualified under Fed. R. Civ. P. 36(a)(4).

**Defendant Precision's Request for Attorneys Fees and Costs**

The Court will deny Defendant's Motion as to attorneys fees and costs because it finds that Plaintiff's arguments were not without justification. Fed. R. Civ. P. 37.

**IT IS THEREFORE ORDERED** that Defendant Precision's Motion to Compel Discovery (docket no. 25) is **GRANTED** in part and Plaintiff must serve responses and answers to Defendant Precision's First Request for Production, First Interrogatories, Second Interrogatories and Second Request for Production on or before August 28, 2008. Plaintiff must serve amended answers to Defendant Precision's First Request For Admission Nos. 7-22 and 24 in compliance with Fed. R. Civ. P. 36 as set forth herein, on or before August 28, 2008.

**IT IS FURTHER ORDERED** that Defendant Precision's Motion to Compel Discovery (docket no. 25) is **DENIED** as to Request for Admission Nos. 1-6, 23, 25 and 26 and Defendant Precision's request for attorneys fees and costs.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 18, 2008          s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 18, 2008          s/ Lisa C. Bartlett
Courtroom Deputy