UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT NORTHERN INSURANCE
COMPANY, A/S/O WILLIAM and
MARY CRAWFORD,

       Plaintiff,                  CIVIL ACTION NO. 08-CV-10395

  vs.

                                       DISTRICT JUDGE LAWRENCE P. ZATKOFF

ALTMANS PRODUCTS LLC        MAGISTRATE JUDGE MONA K. MAJZOUB
and PRECISION BRASS SERVICES,
INC.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 87)**

This matter comes before the Court on Plaintiff's Motion to Compel against Defendants Altmans Products LLC and Precision Brass Services, Inc. filed on August 24, 2009. (Docket no. 87). The Defendants have responded. (Docket nos. 91-93). The parties have submitted Joint Statements of Resolved and Unresolved Issues. (Docket nos. 98-99). The Court heard oral argument on the motion on October 5, 2009. The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 89). The matter is now ready for ruling.

This is a subrogation action in which the Plaintiff insurer sues to enforce its subrogation rights, claiming that the Defendants designed, manufactured, assembled and/or distributed a defective faucet, or its component parts, which leaked and caused damage to the insured's real and personal property. Plaintiff served its First Set of Interrogatories and Requests for Production on Defendant Altmans Products on November 20, 2008, and on Defendant Precision Brass on February 9, 2009. (Docket nos. 87, 91). Defendant Altmans Products responded to the discovery requests on September 9, 2009.

(Docket no. 91).  Defendant Precision Brass responded on March 25, 2009.  (Docket no. 87).

Plaintiff and Defendant Altmans Products stated on the record at the October 5, 2009 hearing that they had resolved their dispute as to Plaintiff's Interrogatories Nos. 12 and 13 and Plaintiff's Request for Production No. 25.  These portions of Plaintiff's motion are therefore **DENIED** as moot.  Plaintiff and Defendant Precision Brass stated on the record at the October 5, 2009 hearing that they had resolved their disputes with regard to all issues raised in Plaintiff's Motion to Compel.  Accordingly, Plaintiff's Motion to Compel against Defendant Precision Brass is **DENIED** in its entirety as moot.  Plaintiff's Interrogatories Nos. 2, 8, 10, and 11, and Plaintiff's Requests for Production Nos. 1-11 and 14-17 remain in dispute between Plaintiff and Defendant Altmans Products.

**Interrogatories Nos. 2, 8, 10, 11**

Interrogatories Nos. 2, 8, 10, and 11 ask Defendant Altmans Products to provide information for the years 1992-2006.  In each response, the Defendant answered for the years 2004-2006 and stated that "Defendant Altmans Products has been in existence since January 2004 and cannot answer for prior years."  Plaintiff argues that the Defendant has not shown that it is not a successor in interest to the liabilities of Altmans Distributions, Inc., thus Defendant's contention that it did not exist prior to 2004 is nonresponsive.  The Court finds that the Defendant clearly responded that it cannot answer for the years prior to 2004.  The Defendant's answers are responsive to the Interrogatories.  The Court will deny Plaintiff's Motion as to Interrogatories Nos. 2, 8, 10, and 11.

**Request for Production No. 1**

Plaintiff's Request for Production No. 1 asks the Defendant to produce all documents identified in response to the Interrogatories.  The Defendant produced 2004-2006 Price Lists for the faucet line at issue and a Purchase Agreement.  Plaintiff states that it is entitled to any documents that confirm the identity of the owners and board of directors of Defendant Altmans Products and Altmans

Distributions, Inc., and any documents that relate to the assumption of liability between the two companies, including the Statement of Merger or Articles of Incorporation. Plaintiff's production request does not ask for the documents for which the Plaintiff claims it is entitled. The Court concludes that the Defendant's response to Request for Production No. 1 is sufficient.

**Request for Production No. 2**

Request for Production No. 2 asks the Defendant to produce all documents exchanged between itself and any other parties to this action. Defendant responded by stating "None other than Rule 26 Disclosures have been exchanged during this litigation." The Court finds that the Defendant answered the request as it was drafted. The Court will not compel further response to Request for Production No. 2.

**Request for Production No. 17**

Request for Production No. 17 asks for all documents relating to four lawsuits identified in the request. The Defendant produced documents relating to case no. 4 and stated that it had no knowledge of case nos. 1 and 3. With regard to the second case, *Chubb Nat'l Ins. Co. v. Altmans Products, et al.*, Case No. 1:07-cv-230; U.S. D.C. Eastern District of Tennessee at Chattanooga, the Defendant referred the Plaintiff to PACER or to Plaintiff's own counsel for the requested documents. Defendant stated on the record at the October 5, 2009 hearing that it did not have documents related to *Chubb Nat'l Ins. Co. v. Altmans Products* within its possession, custody, or control. Defendant also stated that Plaintiff's counsel represented the Plaintiff in *Chubb Nat'l Ins. Co. v. Altmans Products*, and that the documents are equally accessible, if not more so, to the Plaintiff than to the Defendant. The Court concludes that the Defendant's response to Request for Production No. 17 is sufficient.

**Requests for Production Nos. 3-11 and 14-16**

Plaintiff's Requests for Production Nos. 3-11 and 14-16 ask the Defendant Altmans Products

to produce documents for the years 1992-2006. Plaintiff contends that because the Defendant has not shown that it is not a successor in interest to the liabilities of Altmans Distributions, Inc., the Defendant may not simply respond that it did not exist prior to the year 2004. Plaintiff argues that the Defendant should be ordered to produce the requested documents or state that it does not have the documents within its possession, custody, or control.

**Requests for Production Nos. 3-7, 8, 11, 15 and 16**

In response to Requests for Production Nos. 3-7, the Defendant stated that it had been in existence since 2004 and could not answer for prior years, and that it had "no documents" related to the Requests for Production. In response to Requests for Production Nos. 8, 11, 15, and 16, the Defendant again states that it has been in existence since 2004, but adds that it "cannot answer for prior years." The Court finds that the Defendant adequately responded to Requests for Production Nos. 3-7, 8, 11, 15, and 16.

**Requests for Production Nos. 9 and 10**

Defendant's responses to Requests for Production Nos. 9 and 10 state that it has been in existence since January 2004 and cannot answer for prior years, and that it has "no documents . . . from the time period the faucet in this case was sold." Plaintiff's Requests for Production Nos. 9 and 10 do not limit themselves to seek only those documents generated or received during the time period the faucet in this case was sold. The Defendant is ordered to more fully respond to these production requests. To the extent the Defendant does not have responsive documents which predate 2004 within its possession, custody, or control, it should state as much in its responses.

**Request for Production No. 14**

Request for Production No. 14 asks for all documents relating to notifications, inquiries, complaints, or claims made regarding the failure of the faucet line at issue or its components from 1992

to present. The Defendant responded by listing eight notices filed after 2004. Defendant stated that it would continue to search its files and would supplement its response as needed. The Court will order the Defendant to supplement its response to Request for Production No. 14 to indicate whether it has documents which predate 2004 within its possession, custody, or control.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel against Defendant Precision Brass is **DENIED** in its entirety as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel against Defendant Altmans Products is **GRANTED IN PART** and **DENIED IN PART**. Defendant Altmans Products will produce documents for the years preceding 2004 in response to Plaintiff's production request numbers 9, 10, and 14, or state that it does not have responsive documents within its possession, custody, or control.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 13, 2009         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 13, 2009         s/ Lisa C. Bartlett
                                Case Manager